## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KEARNY COUNTY HOSPITAL,

     *Plaintiff*,

v.

     Case No. 25-1028-EFM

QUALIVIS, LLC,

     *Defendant*.

## MEMORANDUM AND ORDER

Before the Court is Defendant Qualivis, LLC's Motion to Compel Arbitration (Doc. 13) in its dispute with Plaintiff Kearny County Hospital ("KCH") regarding the receipt of payment for services provided to KCH by Qualivis. KCH opposes the motion, claiming that it cannot be made to arbitrate the dispute because the contract containing the arbitration clause was not entered into with the proper authority. For the reasons herein, the Court denies the motion and orders a trial to determine whether Qualivis and KCH concluded the contract containing the arbitration clause.

### I.       Factual and Procedural Background

KCH is a county hospital regulated by Kan. Stat. Ann. § 19-4601 *et seq*. And § 19-4610(a) vests "exclusive control of the expenditures of all hospital moneys" in a hospital's board. Here, that would be the Board of Trustees of KCH ("the Board"). The statute also authorizes the hospital boards to "make and adopt such bylaws and rules and regulations for the management and control

of the hospital as it deems necessary so long as the same are not inconsistent with this act" and to

hire an administrator "to manage the affairs of the hospital."[1]

On July 31, 2020, KCH's HR Director signed a Workforce Solutions Provider Agreement

("the Agreement") with Qualivis. In the Agreement, Qualivis promised to supplement KCH's staff

with temporary medical staff in return for payment. The Board did not review or approve of the

Agreement. The Agreement's effective date was July 24, 2020. For a number of years, both parties

complied with the Agreement. However, a dispute arose when KCH sent a payment of

$612,892.12 to Qualivis that apparently was intercepted by spoofers who had infiltrated Qualivis's

systems.

Qualivis attempted to resolve the dispute via arbitration pursuant to the Agreement. But on

January 21, 2025, KCH filed suit in Kearny County, Kansas seeking a declaratory judgment to the

effect that the Agreement, to include the arbitration clause, is void and unenforceable. On February

18, 2025, Qualivis removed this action from Kearny County to this Court. And on March 10, 2025,

Qualivis moved to compel arbitration and stay the action in this Court. The Court granted the stay

pending resolution of this motion. The parties filed a timely response and reply.

## II.    Legal Standard

Arbitration is a matter of contract, and a party must arbitrate only those disputes that they

have agreed to submit to arbitration.[2] If a contract contains an arbitration provision, there is a

presumption of arbitrability.[3] Whether the parties agreed to arbitrate a certain dispute is an issue

---

[1] Kan. Stat. Ann. § 19-4610.

[2] *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986); *WIHO, L.L.C. v. Hubbauer*, 957 F. Supp. 2d 1302, 1304 (D. Kan. 2013) (citation omitted).

[3] *AT&T Techs.*, 475 U.S. at 650; *Gratzer v. Yellow Corp.*, 316 F. Supp. 2d 1099, 1103 (D. Kan. 2004).

for judicial determination unless the parties clearly and unmistakably provide otherwise.[4] Whether

there is an enforceable arbitration agreement is a matter of state contract law to be decided by the

court.[5] When the "making" of an agreement to arbitrate is at issue, it is for the court to resolve by

summarily proceeding to trial.[6] A defendant seeking to compel arbitration has the initial burden to

show enough evidence of an enforceable agreement to arbitrate.[7] If the defendant meets this

burden, the plaintiff must show a genuine issue of material fact as to the validity of the agreement.[8]

Doubts should be resolved in favor of arbitration.[9]

The Federal Arbitration Act ("FAA") provides that arbitration agreements are valid and

enforceable subject to the same legal grounds for the revocation of any contract.[10] A federal district

court may compel arbitration when it would have jurisdiction in the underlying dispute.[11]

### III.    Analysis

**A.    Under the FAA, the Court has authority to decide this matter.**

The question presented is whether this Court or an arbiter must resolve whether a contract

was concluded between Qualivis and KCH. Qualivis contends that the answer is easy—an arbiter

must decide because that is what the Agreement states. KCH responds that the arbitration clause

---

[4] *AT&T Techs.*, 475 U.S. at 649; *Gratzer*, 316 F. Supp. 2d at 1103.

[5] *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 777 (10th Cir. 2010). This Court applies Kansas law.

[6] *Spahr v. Secco*, 330 F.3d 1266, 1273 (10th Cir. 2003); 9 U.S.C. § 4.

[7] *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012).

[8] *SmartText Corp. v. Interland, Inc.*, 296 F. Supp. 2d 1257, 1263 (D. Kan. 2003).

[9] *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 (2010); *Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1275 (10th Cir. 2010).

[10] 9 U.S.C. § 2.

[11] 9 U.S.C. § 4.

has no force because the signatory to the contract had no authority to enter the contract on KCH's behalf. The Court concludes that it, and not an arbiter, must decide this question.

Qualivis points to the broad clause contained in the agreement which requires arbitration of all claims "arising out of or relating to th[e] Agreement" and specifically granting an arbiter "exclusive authority to resolve any dispute relating to the . . . enforceability, or formation of th[e] Agreement, including, but not limited to, any claim that all or any part of this Agreement is void or voidable." But under the FAA, courts shall order arbitration "upon being satisfied that the making of the agreement for arbitration . . . is not in issue."[12] Put another way, whenever the making of an arbitration agreement is in issue, "it is for the court to resolve."[13] And "[t]he issue of [a] contract's validity is different from the issue whether any agreement between the alleged obligor and oblige was ever concluded." [14] Moreover, whether "the signor lacked authority to commit the alleged principal" is the type of issue for the Court to resolve.[15] Here, KCH challenges its putative assent to the Agreement by way of contesting whether the HR Director had the authority to bind KCH. Because this is a challenge to the "making" of the Agreement, the Court must decide whether the Agreement concluded.

**B.**     **Plaintiff raises a genuine dispute of material fact which warrants trial.**

In determining whether an arbitration agreement was made, the movant bears an "initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement."[16] If that burden is met, then the nonmovant must "raise a genuine dispute of material

---

[12] *Id.*

[13] *Spahr*, 330 F.3d at 1273.

[14] *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006).

[15] *Id.* (citing *Sandvik AB v. Advent Int'l. Corp.*, 220 F.3d 99 (3d Cir. 2000).

[16] *Bellman v. i3Carbon, LLC*, 563 F. App'x 608, 610 (10th Cir. 2014) (citing *Hancock*, 701 F.3d at 1261).

fact regarding the existence of the agreement."[17] If there are no genuine disputes of material fact, then the court must order arbitration.[18] But if there is a genuine dispute, then the court must "proceed summarily to the trial thereof."[19] The nonmovant should be afforded "the benefit of all reasonable doubts and inferences that may arise."[20]

Here, Qualivis meets their initial burden. Qualivis does so by submitting the Agreement containing the arbitration provision and the signature of KCH's HR Director. And KCH does not dispute its HR Director's assent by her signature to the Agreement. Therefore, Qualivis has shown evidence sufficient to demonstrate the existence of the Agreement.

However, KCH claims that its HR Director acted outside of her authority, removing any binding power that her assent might carry under Kansas contract law. In Kansas, a municipal corporation cannot bind itself "by any contract beyond the scope of its powers."[21] KCH asserts that it is regulated by Kan. Stat. Ann. § 19–4610(a), which grants the Board "exclusive control of the expenditures of all hospital moneys . . . and all expenditures shall be subject to the approval of a majority of all the members of the board." So, as KCH posits, because the Board did not approve of the Agreement, the HR Director's assent to the Agreement exceeds KCH's statutory authority. *Unless*, as Qualivis argues, the HR Director acted as an agent on behalf of KCH or with KCH's apparent authority. So, the question remains whether KCH, as principal, is bound by the acts of its

---

[17] *Id.*

[18] *Hancock*, 701 F.3d at 1261 (quoting *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997)).

[19] 9 U.S.C. § 4.

[20] *Hancock*, 701 F.3d at 1261 (quotation omitted).

[21] *Blevins v. Bd. of Cnty. Comm'rs*, 251 Kan. 374, 834 P.2d 1344, 1352 (1992) (citation omitted); *see also Cheek v. City of Edwardsville*, 514 F. Supp. 2d 1220, 1233–34 (D. Kan. 2007) (contemplating the lack of binding power that would result from an officer acting outside of their office's specific statutory authority).

purported agent, the HR Director. This is a genuine dispute as to a material fact that must be resolved.[22]

Because the making of the agreement is at issue, the Court must "proceed summarily to trial."[23] "If no jury trial be demanded by the party alleged to be in default . . . the court shall hear and determine" the issue of "the making of the arbitration agreement."[24] So, absent a demand for a jury trial by KCH, the Court will proceed to a bench trial.

**IT IS THEREFORE ORDERED:**

**(1)** This matter will be set for a trial. Plaintiff may request a jury trial by filing a written demand within fourteen days of the date of this order. If Plaintiff takes no action, the dispute will be resolved by a bench trial.

**(2)** The Court will contact the parties to conduct a scheduling conference regarding the trial, and the extent to which the parties will be permitted to conduct discovery in preparation for the trial.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Arbitration, Doc. 13, is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2025.

*Eric F Melgren*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[22] *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 335 P.3d 1178, 1187 (2014) ("'Where the existence of agency is disputed, its existence or nonexistence is ordinarily a question of fact for the jury.'" (quoting *Barbara Oil Co. v. Kan. Gas Supply Corp.*, 250 Kan. 438, 827 P.2d 24, 32 (1992))).

[23] 9 U.S.C. § 4.

[24] *Id.*